[Dkt. No. 58]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| MARIANNE KLESHICK, et al., | : | Civil No. 02-3120 (RMB/AMD) |
|  | : |  |
| Plaintiffs, | : |  |
|  | : | **MEMORANDUM AND ORDER** |
| v. | : |  |
|  | : |  |
| HOME DEPOT USA INC., et al., | : |  |
|  | : |  |
| Defendants. | : |  |

Appearances:

John Andrew Sakson, IV, Esquire
Mark W. Davis, Esquire
Stark & Stark
993 Lenox Drive
CN 5315
Princeton, New Jersey 08543-5315
    Attorneys for Plaintiff

Philip W. Crawford, Esquire
Natalie Helene Mantell, Esquire
Gibbons, PC
One Gateway Center
Newark, New Jersey 07102-5310
    Attorneys for Defendants

Kevin M. Shanahan, Esquire
Law Offices of Kevin M. Shanahan
One Circle West Office Park
One Pennington-Washington Crossing Road
Pennington, New Jersey 08534
    Attorney for Third-Party Defendant

**BUMB**, United States District Judge:

   This matter comes before the Court upon the motion of Third Party Defendant Kurt Kleshick for summary judgment.  Kleshick argues that he is immune from suit by operation of the New Jersey

1

Workers' Compensation Act and thus, all claims against him should be dismissed. For the reasons below, the motion is denied.

The Plaintiff, Marianne Kleshick, was injured while using a grinder manufactured by Defendant Makita USA, Inc. ("Makita") and purchased at a store of Defendant Home Depot, USA, Inc. ("Home Depot"), on May 16, 2000. On the date of the accident, the Plaintiff, Mr. Kleshick, was an employee and principal of Hydrate Irrigation, a company in the business of installing irrigation systems. That day, Mrs. Kleshick had decided to install a clock as part of the irrigation system. Mrs. Kleshick engaged the services of her husband, Kurt Kleshick, to assist in installing the clock. In the course of installing the clock, Mrs. Kleshick was seriously injured by the grinder. Plaintiffs thereafter brought an action against Home Depot and Makita. Defendants, in turn, impleaded Mr. Kleshick as a third-party defendant, and joined as a counterclaim defendant, for his allegedly suspect conduct in attaching the cutting blade to the grinder.

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1] Fed. R. Civ. P. 56(c). In deciding whether there is a

---

[1] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. See id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. See id.

disputed issue of material fact, the court must view the evidence in favor of the non-moving party by extending any reasonable favorable inference to that party; in other words, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'"  Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."[2]  Liberty Lobby, 477 U.S. at 250; Brewer v. Quaker State Oil Ref. Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).

    Third-Party Defendant Kurt Kleshick argues that he is entitled to the protections of the Workers' Compensation Act, N.J.S.A. 34:15-1, et seq. (the "Act"), and immunity from suit by third-parties, because he is an "employee" of Hydrate Irrigation, and thus a "co-employee" of his wife, who received Workers' Compensation benefits for her injuries.  Defendants/Third Party Plaintiffs do not dispute that Marianne Kleshick is an "employee" under the Act.  They do dispute, however, that Kurt Kleshick is

---

    [2] The moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

3

an "employee" and a "co-employee". It is axiomatic that to be a "co-employee" under the Workers' Compensation Act, a person must be an "employee." See N.J.S.A. 34:15-8 ("If an injury. . .is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury. . .for any act or omission occurring while such person was <u>in the same employ</u> as the person injured. . .except for intentional wrong." (emphasis added)). Though the Act is remedial, "an essential precondition to the act's applicability is a finding of an employer-employee relationship." <u>Aetna Ins. Co. v. Trans American Trucking Serv., Inc.</u>, 261 N.J. Super. 316, 326 (App. Div. 1993). An "employee" is defined in the Act as "all natural persons. . .who perform service for an employer for financial consideration." N.J.S.A. 34:15-36 (emphasis added).

 Here, genuine issues of material fact exist as to whether or not Mr. Kleshick was acting in his capacity as an employee or a husband helping his wife. These disputed issues weigh so heavily that an elaborate discussion is not warranted. For example, although Kleshick did not ultimately receive financial consideration, a relevant factor, Kleshick's testimony demonstrates that he expected to get paid but he subsequently decided to waive his right to receive payment. Moreover, although the Workers' Compensation Act expressly excepts from coverage the "casual employee," N.J.S.A. 34:15-36, there is also a genuine factual dispute as to whether or not Kleshick was a

casual employee.  In sum, a review of the record reveals several genuine issues of material fact that will need to be resolved by the jury.

Accordingly, for the above reasons, the motion for summary judgment is denied.

s/Renée Marie Bumb<br>
RENÉE MARIE BUMB<br>
United States District Judge

Dated: October 9, 2009